UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN EDWARD LEWIS,

        Plaintiff,

v.

ETHAN GREEN,

        Defendant.

CASE NO. C17-0211-TSZ-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff proceeds pro se and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Defendant Ethan Green moves for dismissal under Federal Rule of Civil Procedure 41(b) due to plaintiff's failure to provide the Court, defendant, or the Department of Corrections (DOC) with his current address. (Dkt. 13.) Defendant asks that the dismissal be with prejudice. The Court, for the reasons set forth below, concludes this matter should be dismissed without prejudice.

At the time of filing and as of the Court's July 6, 2017 pretrial scheduling order, plaintiff was incarcerated at the Monroe Correctional Complex (MCC) Special Offender Unit. The Court's scheduling order set a September 7, 2017 deadline for the completion of discovery and October

10, 2017 deadline for the filing of dispositive motions. (Dkt. 12.) The scheduling order indicated that failure to comply with its provisions could result in dismissal/default judgment or other appropriate sanction. (*Id*. at 3.)

As set forth in the motion to dismiss, and a supportive declaration and documentation, the DOC transferred plaintiff from MCC to community custody on July 11, 2017. (Dkt. 14 at 2, 8.) Although directed to report to his assigned community corrections office on or about July 21, 2017, plaintiff did not report and his whereabouts remain unknown since at least that date. A warrant for plaintiff's arrest and detention issued on July 20, 2017 and remains in effect. (*Id*. at 3.)

Pursuant to Local Civil Rule (LCR) 41(b)(2), a plaintiff is required to keep the Court and opposing parties advised as to his current address. "If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute." LCR 41(b)(2). A defendant may move for dismissal based on a failure to prosecute or failure to comply with the rules of civil procedure or a court order. Fed. R. Civ. P. 41(b). In addition, a district court has the inherent authority to manage its docket and may exercise its discretion to dismiss an action if a plaintiff fails to diligently pursue his or her case. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The court considers: (1) the public's interest in expeditious resolution of litigation; (2) the need to manage the court's docket; (3) risk of prejudice to defendants; (4) public policy favoring disposition of cases on their merits; and (5) availability of less drastic sanctions. *Id*. (cited cases omitted).

Plaintiff has not informed the Court or defendant of his current address. Although there has been no returned mail, more than sixty days have elapsed since plaintiff's July 11, 2017 release

REPORT AND RECOMMENDATION
PAGE - 2

from MCC and transfer to a new address.  The discovery deadline has expired and no action has been taken in this case since the Court issued its July 6, 2017 scheduling order.  Given plaintiff's failure to keep the Court and defendant apprised of his current address, and the resulting inability of either defendant or the Court to move forward with this case, the Court recommends defendant's motion to dismiss (Dkt. 13) be GRANTED, and this case DISMISSED for failure to prosecute.  To allow for the possibility that plaintiff's claims could be considered on the merits and given the less drastic nature of the sanction, the Court recommends this dismissal be without prejudice.  A proposed Order accompanies this Report and Recommendation.[1]

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 13, 2017**.

DATED this 20th day of September, 2017.

_____
Mary Alice Theiler
United States Magistrate Judge

---

[1] Because the Court has no current address for plaintiff, the Clerk is directed to send this Report and Recommendation to the DOC's listed address for plaintiff: 1912 Eastside Street, Olympia, WA 98501.

REPORT AND RECOMMENDATION
PAGE - 3